# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>                Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, et al.,<br><br>                Defendant. | Case No. 2:11-cv-02079-MMD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

This matter is before the court on Plaintiff Bobby Lee Montgomery's Application to Proceed In Forma Pauperis (Dkt. #3). Plaintiff is proceeding in this action pro se. Previously, Plaintiff submitted an incomplete Application to Proceed In Forma Pauperis, and the court denied it without prejudice, allowing Plaintiff to complete a new application. Plaintiff has now submitted a new application, and it appears Plaintiff qualifies to proceed in forma pauperis. The court will now screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a

ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

## I. Allegations in Plaintiff's Complaint.

Count One of Plaintiff's Complaint alleges that on January 5, 2010, he was illegally arrested without a warrant for domestic violence by Defendants K. Kartchner, L. Coates, and M. Ruiz, all of whom are Las Vegas Metropolitan Police Department ("LVMPD") officers (the "LVMPD Defendants").  He asserts that the arresting officers were in plainclothes, and arrested Plaintiff at gunpoint without a warrant.  Plaintiff contends he was walking through a parking lot when he was arrested, unarmed, posed no threat to the officers' safety, and did not attempt to flee from the LVMPD Defendants. Plaintiff asserts he was imminently afraid of being "shot and kill[ed] by [a] hired assassin" of the LVMPD.  Complaint at 6.  He contends he suffered emotional distress from "the fright of being shot, the shock of being killed for no reason hard to [bear]." *Id.*

In Count Two, Plaintiff alleges the Clark County District Attorney's Office maliciously prosecuted him "for a purpose other than proper adjudication."  Complaint at 7.  Plaintiff names as Defendants former Clark County District Attorney David Roger and various Assistant District Attorneys in that office, but he does not allege any specific facts against any of these Defendants.  He alleges that after his arrest, he was charged in a criminal complaint with one count of Battery Constituting Domestic Violence (Strangulation) and one count of Battery Constituting Domestic Violence on January 7, 2010.  The case was dismissed, and the District Attorney's Office filed a new

criminal complaint on January 25, 2010, charging Plaintiff with one count of Battery Constituting Domestic Violence. The second case was dismissed on November 15, 2010.[1] Plaintiff contends he had no notice of the DA's intent to prosecute him although he admits to having been arrested and detained in the Clark County Detention Center at the time on these charges. He contends the malicious prosecution caused him mental and emotional distress because he lost his home, personal property, and his "way of life." *Id.*

Finally, Plaintiff asserts that Defendant Oscar Goodman, the former mayor of Las Vegas, and Defendant Douglas Gillespie, and Defendant City Council of Clark County, Nevada, "support" LVMPD, but he makes no other specific factual allegations concerning these Defendants. Plaintiff seeks $100,000.00 for each of the twenty-nine days he was incarcerated in the Clark County Detention Center as well as exemplary and punitive damages in the amount of $870,000.00, and future and special damages for his medical and psychiatric care.

## II. Applicable Law & Analysis.

The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).

### A. Municipal & Official Capacity Claims.

#### 1. Official Capacity Claims against the Police Officer Defendants.

The Complaint attempts to state official capacity claims against the LVMPD Defendants. As a general matter, state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and normally, they may not be sued under the statute. *Aguou v. Commonwealth Ports Auth.,* 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are merely an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.,* 599 F.3d 1108, 1111 (9th Cir.

---

[1] The dates are unclear as set forth in the Complaint. However, Plaintiff has attached the docket sheet from the two cases as Exhibits to the Complaint. Accordingly, the court will use those dates.

2010) (treating suit against state officials in their official capacities as a suit against the State of California). In an official capacity claim, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *See Hafer,* 502 U.S. at 25; *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. As a result, Plaintiff's official capacity claims against the LVMPD Defendants will be dismissed with leave to amend.

### 2. Claims Against City Officials.

Plaintiff's claims against Defendants Goodman and Gillespie are claims against municipal officers in their official capacities. Municipal government officials are persons for purposes of § 1983. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom or from a failure to train municipal employees adequately. *Id.* at 690; *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff contends Defendants Goodman and Gillespie "support" LVMPD. This conclusory statement does not state a claim on which relief may be granted. Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. As a result, Plaintiff's claims against Defendants Goodman and Gillespie will be dismissed, with leave to amend.

### 3. Claims Against the City Council.[2]

Municipalities and other local government units–such as Defendant City Council–are "persons" for purposes of § 1983. In order to state a claim against a local government, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell*, 436 U.S. at 690-91. Plaintiff contends the City Council "support[s]" LVMPD. This conclusory statement does not state a

---

[2] There is no such entity as the City Council of Clark County Nevada. The court assumes, for purposes of this screening order, that Plaintiff is attempting to state a claim against the Las Vegas City Council. If Plaintiff chooses to amend the complaint, he should name the proper entity.

claim for relief. Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. As a result, Plaintiff's claims against the City Council will be dismissed with leave to amend.

### B. Plaintiff's Malicious Prosecution Claim.

Plaintiff attempts to state a malicious prosecution claim against former District Attorney David Roger and Assistant District Attorneys Schifalcqua, Morgan, Nance, Clowers, Sedlock, Westmeye, and Barrie (the "DA Defendants"). The Ninth Circuit has held that a malicious prosecution claim is not cognizable under 42 U.S.C. § 1983 if process is available within a state's judicial system to provide a remedy. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc)). An exception to this rule exists when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the law or is otherwise intended to deny a person his or her constitutional rights. *Id.* at 562 (internal citations omitted); *see also Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir. 1995) (plaintiff asserting malicious prosecution claim must show that defendants prosecuted him with malice and without probable cause, and they did so in order to deprive plaintiff of his constitutional rights). In these cases, the court applies the state law elements of a malicious prosecution claim. *Usher*, 773 F.2d at 562. In Nevada, to state a claim for malicious prosecution, a plaintiff must allege that a defendant participated in a lawsuit against plaintiff brought with malice and without probable cause. *See Boulware v. State of Nevada, Dept. of Human Resources,* 960 F.2d 793, 801 (9th Cir. 1992) (citing *Catrone v. 105 Casino Corp.,* 414 P.2d 106, 107-08 (Nev. 1966)).

Here, Plaintiff appears to allege that the DA Defendants maliciously prosecuted him to deprive him of due process or equal protection rights under the Fourteenth Amendment.[3] *See* Complaint at 7. Plaintiff alleges that the DA Defendants acted with malice and without probable cause, but he has not pled any facts to support these conclusory allegations. *See Iqbal*, 129 S.Ct. at 1949 (formulaic

---

[3] Plaintiff also asserts a malicious prosecution claim based on an alleged deprivation of due process rights under the Fifth Amendment. The Fifth Amendment, however, applies to actions of the federal government and not state actors. *See Rank v. Nimmo,* 677 F.2d 692, 701 (9th Cir. 1982). Accordingly, Plaintiff cannot state a claim for malicious prosecution under the Fifth Amendment.

recitation of the elements of a cause of action, supported only by conclusory allegations, are insufficient to state a claim upon which relief can be granted); *Papsan v. Allain,* 478 U.S. 265, 286 (1986) (court not bound to accept a legal conclusion couched as a factual allegation as true). Plaintiff states only that two criminal complaints were filed against him, and each were dismissed. The Ninth Circuit has held that "the mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause." *Freeman,* 68 F.3d at 1189. Plaintiff does not allege any facts to show the DA Defendants' intent to deprive Plaintiff of any constitutional right. Additionally, Plaintiff has not described any conduct by the DA Defendants. Liability under § 1983 only arises upon a showing of personal participation by a defendant in the alleged constitutional deprivation.   *Rizzo v. Goode*, 423 U.S. 362 (1976); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988) *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).   Thus, Plaintiff has not stated a claim against the DA Defendants.

Additionally, to the extent Plaintiff is attempting state a claim Defendant Roger as a supervisor, the court finds he has not stated a claim upon which relief can be granted. Vicarious liability is inapplicable to § 1983 cases, and a plaintiff must plead that each government official named as a defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 129 S.Ct. at 1948 (2009); *Starr v. Baca,* – F.3d –, 2011 WL 2988827 at *2-*3 (9th Cir. July 25, 2011) (supervisor not liable for culpable action or inaction of his or her subordinates, only for his or her own culpable conduct or inaction). Plaintiff's claims against the DA Defendants will be dismissed, with leave to amend.

    **C.**    **Plaintiff's Fourth Amendment Claims.**

        **1.**    **Excessive Use of Force.**

Plaintiff alleges that the LVMPD Defendants used excessive force in effecting Plaintiff's arrest. Plaintiff's Complaint asserts that the LVMPD Defendants' conduct is an Eighth Amendment violation. By its very terms, however, the Eighth Amendment prohibits "cruel and unusual punishment" against persons convicted of a crime. *See generally* Amendment VIII; *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.1 (1977) ("Eighth Amendment scrutiny is appropriate only after the States has complied with the constitutional guarantees traditionally associated with criminal prosecutions")). Plaintiff's arrest does not implicate rights guaranteed under

the Eighth Amendment. The United States Supreme Court has found that "[w]here the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment" against unreasonable search and seizure by use of excessive force. *Graham*, 490 U.S. at 394; *Davis v. City of Las Vegas,* 478 F.3d 1048, 1054 (9th Cir. 2007) (citing *Smith v. City of Hemet,* 394 F.3d 689, 700 (9th Cir. 2005). In *Graham,* the Court held that all claims that law enforcement used excessive force–whether they involve deadly force or not–in the course of an arrest, investigatory detention, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. 490 U.S. at 395; *Espinosa v. City and County of San Francisco,* 598 F.3d 528, 537 (9th Cir. 2010), *cert. denied,* – U.S. –, 132 S.Ct. 1081 (2012).

Determining whether the force used to effect the arrest is "reasonable" under the Fourth Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Id*. at 396 (citing *United States v. Place*, 462 U.S. 696, 703 (1983)); *Davis,* 478 F.3d at 1054. The Ninth Circuit has held that because of the "careful balancing" required to determine whether excessive force was used, "summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *See Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1056 (9th Cir. 2003) (citing *Santos v. Gates,* 287 F.3d 846, 853 (9th Cir. 2002)) (noting that "such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom. . . . [P]olice misconduct cases almost always turn on a jury's credibility determinations").

The court must first assess the amount of force used in arresting Plaintiff by considering "the type and amount of force inflicted." Plaintiff asserts that the LVMPD Defendants arrested him at gun point and yelled commands at him. In *Espinosa,* the Ninth Circuit held that pointing a loaded gun at a suspect–i.e., employing the threat of deadly force–is a high level of force. 598 F.3d at 537. Moreover, the Ninth Circuit has observed that police officers can be held liable under § 1983 for pointing a gun at a suspect where the circumstances do not warrant such a use of force. *Robinson v. Solano County,* 218 F.3d 1030 (9th Cir. 2000), *as amended* (Sept. 19, 2000), *reh'g en banc and opinion vacated on other grounds by* 229 F.3d 931 (9th Cir. 2000), *reh'g en banc,* 278 F.3d 1007 (9th Cir. 2002).

In determining whether the force used was excessive, the court balances the force that was used against the need for that force. *Drummond*, 343 F.3d at 1052 (citing *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002)) (stating "it is the need for force which is at the heart of the *Graham* factors"). In *Graham*, the Supreme Court specified that the government interest in effecting an arrest must be "examined in light of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. The Court also recognized that the "right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396. Reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and "[n]ot every push or shove, even if it may later seems unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. *Id*. (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)); *see also Blankenhorn v. City of Orange,* 485 F.3d 463, 477 (9th Cir. 2007). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97.

Here, Plaintiff asserts he was arrested for domestic violence, allegedly involving strangulation, a crime of violence and a felony under Nevada law. Given the violent nature of the crime for which Plaintiff was being arrested, a reasonable police officer could perceive a potential threat of violence against them or others in effecting the arrest. *See Papasan,* 478 U.S. at 286. On the other hand, Plaintiff alleges that he was unarmed and walking through a parking lot at the time of his arrest. He contends he was not attempting to flee from the three LVMPD Defendants. Accepting Plaintiff's allegations as true, he may be able to state a claim for excessive use of force. He has not, however, alleged any facts regarding the specific conduct of each of the LVMPD Defendants. Instead, he has simply set forth the elements of an excessive force claim, along with the most minimal factual allegations. *See Iqbal,* 129 S.Ct. at 1949 (recitation of elements or labels and conclusions insufficient to state a claim upon which relief can be granted), Furthermore, liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor,* 880 F.2d at 1045. Therefore, Plaintiff's

claims for excessive use of force will be dismissed with leave to amend. Should Plaintiff choose to amend the complaint, he must explain what each of the LVMPD Defendants did to cause a constitutional violation. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743.

### 2. Unlawful Detention/Arrest.

The Fourth Amendment of the Constitution, applicable to the States through the Fourteenth Amendment, prohibits arrests without probable cause. *Beck v. Ohio,* 379 U.S. 89, 90-91 (1964). A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification. *Dubner,* 266 F.3d at 965. The only allegations Plaintiff makes to support this claim is that the LVMPD Defendants arrested him without a warrant. Although Plaintiff bears the ultimate burden of proof on the issue of probable cause, he can state a claim by alleging that he was arrested without a warrant, as he has here. *Id.* Accordingly, the court finds Plaintiff has stated a claim for unlawful arrest under the Fourth Amendment against the LVMPD Defendants.

### D. Plaintiff's Fourteenth Amendment Claims.

### 1. Due Process.

Plaintiff's complaint states that his Fourteenth Amendment due process rights were violated when the District Attorney's Office filed the second criminal complaint against Plaintiff on January 25, 2010. The due process clause requires that before the government deprives a person of life, liberty, or property, it must give the person notice and an opportunity to be heard. *See Clement v. City of Glendale,* 518 F.3d 1090, 1093 (9th Cir. 2008) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Plaintiff asserts that he was detained in the Clark County Detention Center between January 25 and January 29, 2010, and he did not receive notice of the District Attorney's decision to prosecute him on the battery/domestic violence charge. Plaintiff has attached the Las Vegas Justice Court docket sheet from the second criminal complaint case to his complaint in this case, and it indicates that the criminal complaint was filed against Plaintiff on January 25, 2010, and on January 26,

9

2010, summons was issued ordering Plaintiff to appear. On February 2, 2010, the summons was returned as undelivered because it had been mailed to an invalid address. On February 22, 2010, Plaintiff made an initial appearance on the criminal complaint, was arraigned, and pled not guilty. He was advised of the charge against him and waived reading of the complaint. Thus, it appears that Plaintiff received notice of the criminal complaint and the charges against him and made a personal appearance in court on the complaint. Thus, he received notice and an opportunity to be heard, and no procedural due process violation occurred. This claim will be dismissed with leave to amend.

### 2. Equal Protection.

The complaint alleges that Plaintiff was deprived of equal protection of the law in violation of the Fourteenth Amendment. The purpose of the equal protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination. *See Engquist v. Oregon Dept. of Ag.,* 553 U.S. 591, 611 (2008) (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not alleged that he was discriminated on his membership in any protected class (either gender, national origin, or religion). He also has not asserted that he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim). Furthermore, Plaintiff has not directed this allegation against any particular Defendant, or asserted any facts to explain how his right to equal protection was violated by any Defendant. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743. Plaintiff's equal protection claim will be dismissed with leave to amend.

### E. Plaintiff's First Amendment & Ninth Amendment Claims.

Plaintiff asserts, in conclusory fashion, that his First and Ninth Amendment rights were violated. However, Plaintiff has not stated which rights were violated, directed these allegation against any particular Defendant, or asserted any facts to explain how his First and Ninth Amendment rights were violated by any Defendant. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743. Therefore, Plaintiff's First and Ninth Amendment claims will be dismissed with leave to amend.

///
///

**F.     Intentional Infliction of Emotional Distress Against LVMPD Defendants and DA Defendants.**

Plaintiff also alleges the tort of intentional infliction of emotional distress ("IIED") against the LVMPD Defendants and the DA Defendants. These claims arise under state law. Under the doctrine of supplemental jurisdiction, previously called pendent jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). This court has supplemental jurisdiction over Plaintiff's state law IIED claim because it arises from the same "nucleus of operative fact"–Plaintiff's arrest and prosecution–as his valid federal claim for unlawful arrest. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Nevada law recognizes IIED, and in order to state a claim, a plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981). Extreme and outrageous conduct is that "which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Welder v. University of Southern Nevada,* 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (applying Nevada law).

With respect to the LVMPD Defendants, Plaintiff alleges that because they arrested him at gun point, he suffered emotional distress because he feared the LVMPD Defendants would shoot him. With respect to the DA Defendants, Plaintiff asserts that because they maliciously prosecuted him, he lost his home, property, clothes, job, and his way of life. Plaintiff has not stated an IIED claim against the LVMPD Defendants or the DA Defendants. He has not alleged any facts to show that any of the DA Defendants or LVMPD Defendants engaged in extreme and outrageous conduct or that they did so intentionally or with reckless disregard to causing Plaintiff emotional distress. He has not alleged that he suffers severe or extreme emotional distress or asserted any facts to support that claim. *See Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety,* 110 P.3d 30, 52 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas,* 181 P.3d 670, 672 n.6 (Nev. 2005). Accordingly, Plaintiff's IIED claims will be dismissed with leave to amend.

/ / /

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability, clarify what constitutional right he believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo,* 423 U.S. 362 (1976); *Taylor,* 880 F.2d at 1045; *Leer,* 844 F.2d at 634; *May,* 633 F.2d at 167; *Johnson,* 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Based upon the foregoing,

**IT IS ORDERED**:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.
4. The following claims are dismissed with leave to amend:
    (a) Plaintiff's official capacity claims against the LVMPD Defendants;
    (b) Plaintiff's claims against Defendants Goodman and Gillespie;
    (c) Plaintiff's claims against Defendant City Council;

|   |   |   |
|---|---|---|
| | (d) | Plaintiff's malicious prosecution claim against the DA Defendants; |
| | (e) | Plaintiff's excessive use of force claim against the LVMPD Defendants; |
| | (f) | Plaintiff's Fourteenth Amendment due process claim against the DA Defendants; |
| | (g) | Plaintiff's Fourteenth Amendment equal protection claim; |
| | (h) | Plaintiff's First Amendment claim; |
| | (i) | Plaintiff's Ninth Amendment claim; and |
| | (j) | Plaintiff's intentional infliction of emotional distress claims against the LVMPD Defendants and the DA Defendants. |

5. Plaintiff shall have until **October 28, 2012,** to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, 2:11-cv-02079-MMD-PAL, above the words "FIRST AMENDED" in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, the claims listed above in paragraph 4 (a) - (j) will be dismissed, and the court will direct service of Plaintiff's complaint on the Fourth Amendment unlawful detention/arrest claim against the LVMPD Defendants after the deadline for filing an amended complaint has passed.

Dated this 28th day of September, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE