# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BOBBY LEE MONTGOMERY,

    Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendants.

Case No. 2:11-cv-02079-MMD-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(Mtns to Dismiss - Dkt. ##18, 20, 24, 25)

This matter is before the court on Defendant Oscar B. Goodman's ("Goodman's") Motion to Dismiss (Dkt. #18); Defendants L. Coates', Douglas C. Gillespie's; K. Kartchner's, M. Ruiz's (the "LVMPD Defendants") Motion to Dismiss (Dkt. #20); Plaintiff Bobby Lee Montgomery's Opposed Motion to Dismiss (Dkt. #24); and Defendants K. Barrie's, S. Clowers', S. Morgan's, A. Nance's, David Rogers', B. Schifalcqua's, T. Sedlock's, D. Westmeyer's, and T. Carroll's (the "DA Defendants," and together with Goodman and the LVMPD Defendants, the "Defendants") Motion to Dismiss (Dkt. #25). The court has considered the Motions, Plaintiff's Oppositions (Dkt. ##30, 32), and Defendants' Replies (Dkt. ##27, 28, 29, 31).

## BACKGROUND

Plaintiff is proceeding in this matter pro se and in forma pauperis. On December 23, 2011, Plaintiff filed an Application to Proceed in Forma Pauperis (Dkt. #1) and submitted a Complaint. The court entered an Order (Dkt. #2) on January 25, 2012, denying Plaintiff's Application without prejudice because it was incomplete and allowed him thirty days to file a new, completed application. Plaintiff complied and submitted a second Application (Dkt. #3) on February 22, 2013. The court found Plaintiff qualified to proceed in forma pauperis, and pursuant to 28 U.S.C. § 1915(a) and screened

Plaintiff's Complaint (Dkt. #8). The court found Plaintiff stated a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from unlawful detention/arrest but found Plaintiff had not stated any other claim. The court directed the Clerk of Court to file the Complaint and allowed Plaintiff thirty days to file an amended complaint, if Plaintiff believed he could cure the deficiencies in his other claims. Plaintiff filed a timely Amended Complaint (Dkt. #11) on October 25, 2012. The court has not yet screened the Amended Complaint pursuant to 28 U.S.C. § 1915(a).

The Clerk of the Court erroneously issued Summons (Dkt. #14), and Plaintiff prematurely served the Summons and original Complaint on Defendants before the Amended Complaint was screened. *See* Summons Returned Executed (Dkt. ##16, 17). Title 28 U.S.C. § 1915(a) allows the court to screen non-prisoner complaints, and it this district's standard practice to screen complaints where a plaintiff is proceeding in forma pauperis. Once the court has screened the complaint and found a plaintiff has stated a claim upon which relief can be granted, it directs service of the complaint by the United States Marshal's Service ("USMS"). Generally, an officer of the court must serve all process where a plaintiff is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(d). Plaintiff was not given leave to serve the Complaint, the Clerk of Court erred in issuing summons before the court screened the Amended Complaint, and Plaintiff had the Summons served by an individual other than the USMS.

Apparently unaware of the court's prior Order (Dkt #7) dismissing ten of eleven of Plaintiff's claims with leave to amend, the Defendants responded to the Summons and Complaint by filing Motions to Dismiss (Dkt. ##18, 20, 25). Plaintiff's Amended Complaint did not cure the deficiencies noted in the court's screening order. The court will therefore screen Plaintiff's Amended Complaint, treat the motions to dismiss as responses to Plaintiff's Amended Complaint, and recommend that the Motions to Dismiss be granted as to all claims except for Plaintiff's Fourth Amendment unlawful detention/arrest claim against Defendants K. Kartchner, L. Coates, and M. Ruiz in their individual capacities.

I.   **Factual Allegations in Plaintiff's Amended Complaint.**

The claims in Plaintiff's Amended Complaint arise out of his arrest on January 5, 2010. Plaintiff alleges that on that day, he was illegally arrested without a warrant for domestic violence by

2

Defendants K. Kartchner, L. Coates, and M. Ruiz, all of whom are Las Vegas Metropolitan Police Department ("LVMPD") officers (the "Arresting Officers"). He asserts that the Arresting Officers were in plainclothes, and they arrested Plaintiff at gunpoint without a warrant. Plaintiff contends he was walking, unarmed, through a parking lot when he was arrested, posed no threat to the officers' safety, and did not attempt to flee from the Arresting Officers.

Plaintiff alleges the Clark County District Attorney's Office "launched a baseless case took action to direct and aid such a case . . . it was a plot by the District Attorneys Office and LVMPD officers to send Plaintiff back to Nevada State Penitentiary" because Plaintiff was arrested a second time for domestic violence on May 17, 2010. Amended Complaint at 8. Plaintiff names as Defendants former Clark County District Attorney David Roger and various Assistant District Attorneys in that office, but he does not allege any specific facts against any of these Defendants. Plaintiff claims his prosecution violated the Eighth Amendment.

Finally, Plaintiff asserts that Defendant Oscar Goodman, the former mayor of Las Vegas, Defendant Douglas Gillespie, and Defendant City Council of Clark County, Nevada, are also liable, but he makes no other specific factual allegations concerning these Defendants.

## II. Applicable Law & Analysis.

To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).

### A. Municipal & Official Capacity Claims.

#### 1. Official Capacity Claims against the Arresting Officers

The Amended Complaint attempts to state official capacity claims against the Arresting Officers. As a general matter, state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and normally, they may not be sued under the statute. *Aguou v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Official capacity claims filed against state officials are merely an alternative way of pleading a claim against the entity for which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating suit against state officials in their official capacities as a suit

3

against the State of California). In an official capacity claim, a plaintiff must demonstrate that a policy or custom of the governmental entity for which the official is an agent was the moving force behind the violation. *See Hafer*, 502 U.S. at 25; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. Plaintiff's conclusory statement that the Arresting Officers "violated department policies" does not state a claim on which relief can be granted. As a result, it will be recommended that Plaintiff's official capacity claims against the Arresting Officers be dismissed.

### 2. Claims Against City Officials.

Plaintiff's claims against Defendants Goodman and Gillespie are claims against municipal officers in their official capacities. Municipal government officials are persons for purposes of § 1983. *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978). Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom or from a failure to train municipal employees adequately. *Id.* at 690; *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff has not made any specific factual allegations against Defendants Goodman and Gillespie. His conclusory statement that the Arresting Officers "violated department policies" does not state a claim on which relief may be granted. Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. As a result, it will be recommended that Plaintiff's claims against Defendants Goodman and Gillespie be dismissed.

### 3. Claims Against the City Council.[1]

Municipalities and other local government units–such as Defendant City Council–are "persons" for purposes of § 1983. In order to state a claim against a local government, a plaintiff must allege there is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell*, 436 U.S. at 690-91.

---

[1] There is no such entity as the City Council of Clark County Nevada. The court assumes, for purposes of this screening order, that Plaintiff is attempting to state a claim against the Las Vegas City Council.

Plaintiff contends the City Council "support[s]" LVMPD. This conclusory statement does not state a claim for relief. Plaintiff has not alleged that any particular statement, ordinance, regulation, decision or custom exists that violates his constitutional rights. As a result, it will be recommended that Plaintiff's claims against the City Council be dismissed.

### B.   Plaintiff's Malicious Prosecution Claim.

Plaintiff attempts to state a malicious prosecution claim against former District Attorney David Roger and Assistant District Attorneys Schifalcqua, Morgan, Nance, Clower, Sedlock, Westmeyer, and Barrie (the "DA Defendants"). The Ninth Circuit has held that a malicious prosecution claim is not cognizable under 42 U.S.C. § 1983 if process is available within a state's judicial system to provide a remedy. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc)). An exception to this rule exists when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the law or is otherwise intended to deny a person his or her constitutional rights. *Id.* at 562 (internal citations omitted); *see also Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (plaintiff asserting malicious prosecution claim must show that defendants prosecuted him with malice and without probable cause, and they did so in order to deprive plaintiff of his constitutional rights). In these cases, the court applies the state law elements of a malicious prosecution claim. *Usher*, 773 F.2d at 562. In Nevada, to state a claim for malicious prosecution, a plaintiff must allege that a defendant participated in a lawsuit against plaintiff brought with malice and without probable cause. *See Boulware v. State of Nevada, Dept. of Human Resources*, 960 F.2d 793, 801 (9th Cir. 1992) (citing *Catrone v. 105 Casino Corp.*, 414 P.2d 106, 107-08 (Nev. 1966)).

Here, Plaintiff has not pled any facts to support a malicious prosecution claim. *See Iqbal*, 129 S.Ct. at 1949 (formulaic recitation of the elements of a cause of action, supported only by conclusory allegations, are insufficient to state a claim upon which relief can be granted); *Papsan v. Allain*, 478 U.S. 265, 286 (1986) (court not bound to accept a legal conclusion couched as a factual allegation as true). Plaintiff states only that two criminal complaints were filed against him, and each was dismissed. The Ninth Circuit has held that "the mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause." *Freeman*, 68 F.3d at 1189. Plaintiff does not allege any facts to show the

DA Defendants' intent to deprive Plaintiff of any constitutional right. Additionally, Plaintiff has not described any conduct by the DA Defendants. Liability under § 1983 only arises upon a showing of personal participation by a defendant in the alleged constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988) *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, Plaintiff has not stated a claim against the DA Defendants.

Additionally, to the extent Plaintiff is attempting state a claim Defendant Roger as a supervisor, the court finds he has not stated a claim upon which relief can be granted. Vicarious liability is inapplicable to § 1983 cases, and a plaintiff must plead that each government official named as a defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 129 S.Ct. at 1948 (2009); *Starr v. Baca,* 652 F.3d 1202, 1206-07 (9th Cir. 2011) (supervisor not liable for culpable action or inaction of his or her subordinates, only for his or her own culpable conduct or inaction). It will therefore be recommended that Plaintiff's claims against the DA Defendants be dismissed.

   **C.**  **Plaintiff's Fourth Amendment Claims.**

     **1.**  **Excessive Use of Force.**

Plaintiff alleges that the Arresting Officers used excessive force in arresting him. Plaintiff's Complaint asserts that the Arresting Officers' conduct is an Eighth Amendment violation. By its very terms, however, the Eighth Amendment prohibits "cruel and unusual punishment" against persons convicted of a crime. *See generally* Amendment VIII; *see also Graham v. Conner*, 490 U.S. 386, 393 n.6 (1989) (citing *Ingraham v. Wright*, 430 U.S. 651, 671 n.1 (1977) ("Eighth Amendment scrutiny is appropriate only after the States has complied with the constitutional guarantees traditionally associated with criminal prosecutions")). Plaintiff's arrest does not implicate rights guaranteed under the Eighth Amendment. The United States Supreme Court has found that "[w]here the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment" against unreasonable search and seizure by use of excessive force. *Graham*, 490 U.S. at 394; *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (citing *Smith v. City of Hemet,* 394 F.3d 689, 700 (9th Cir. 2005). In *Graham,* the Court held that all claims that law enforcement used excessive force in the course of an arrest, investigatory

6

detention, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard. 490 U.S. at 395; *Espinosa v. City and County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010), *cert. denied*, – U.S. –, 132 S.Ct. 1081 (2012).

Determining whether the force used to effect the arrest is "reasonable" under the Fourth Amendment requires balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Id.* at 396 (citing *United States v. Place*, 462 U.S. 696, 703 (1983)); *Davis*, 478 F.3d at 1054. The Ninth Circuit has held that because of the "careful balancing" required to determine whether excessive force was used, "summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." See *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1056 (9th Cir. 2003) (citing *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)) (noting that "such balancing nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom. . . . [P]olice misconduct cases almost always turn on a jury's credibility determinations").

The court must first assess the amount of force used in arresting Plaintiff by considering "the type and amount of force inflicted." Plaintiff asserts that the Arresting Officers arrested him at gun point and yelled commands at him. In *Espinosa*, the Ninth Circuit held that pointing a loaded gun at a suspect–i.e., employing the threat of deadly force–is a high level of force. 598 F.3d at 537. Moreover, the Ninth Circuit has observed that police officers can be held liable under § 1983 for pointing a gun at a suspect where the circumstances do not warrant such a use of force. *Robinson v. Solano County*, 218 F.3d 1030 (9th Cir. 2000), *as amended* (Sept. 19, 2000), *reh'g en banc and opinion vacated on other grounds by* 229 F.3d 931 (9th Cir. 2000), *reh'g en banc*, 278 F.3d 1007 (9th Cir. 2002).

In determining whether the force used was excessive, the court balances the force that was used against the need for that force. *Drummond*, 343 F.3d at 1052 (citing *Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1130 (9th Cir. 2002)) (stating "it is the need for force which is at the heart of the *Graham* factors"). In *Graham*, the Supreme Court specified that the government interest in making an arrest must be "examined in light of the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. at 396. The Court also recognized

7

that the "right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham,* 490 U.S. at 396. Reasonableness must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and "[n]ot every push or shove, even if it may later seems unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. *Id.* (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973)); *see also Blankenhorn v. City of Orange,* 485 F.3d 463, 477 (9th Cir. 2007). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. at 396-97.

Here, Plaintiff asserts he was arrested for domestic violence, allegedly involving strangulation, a crime of violence and a felony under Nevada law. Given the violent nature of the crime for which Plaintiff was being arrested, a reasonable police officer could perceive a potential threat of violence against them or others in effecting the arrest. *See Papasan,* 478 U.S. at 286. On the other hand, Plaintiff alleges that he was unarmed and walking through a parking lot at the time of his arrest. He contends he was not attempting to flee from the three Arresting Officers. Even accepting Plaintiff's allegations as true, Plaintiff has not cured the problem in his original Complaint and alleged any facts regarding the specific conduct of each of the Arresting Officers. Instead, he has simply set forth the elements of an excessive force claim, along with the most minimal factual allegations. *See Iqbal,* 129 S.Ct. at 1949 (recitation of elements or labels and conclusions insufficient to state a claim upon which relief can be granted). Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor,* 880 F.2d at 1045. Therefore, it will be recommended that Plaintiff's claims for excessive use of force be dismissed.

### 2. Unlawful Detention/Arrest.

The Fourth Amendment of the Constitution, applicable to the States through the Fourteenth Amendment, prohibits arrests without probable cause. *Beck v. Ohio,* 379 U.S. 89, 90-91 (1964). A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was made without probable cause or other justification. *Dubner,* 266 F.3d at 965. The only allegations Plaintiff makes to support this claim is that the Arresting Officers arrested him without a

warrant. Although Plaintiff bears the ultimate burden of proof on the issue of probable cause, he can state a claim by alleging that he was arrested without a warrant, as he has here. *Id.* Accordingly, the court finds Plaintiff has stated a claim for unlawful arrest under the Fourth Amendment against the Arresting Officers in their individual capacities.

### D. Plaintiff's Fourteenth Amendment Claims.

#### 1. Due Process.

Plaintiff's Amended Complaint states that his Fourteenth Amendment due process rights were violated when the District Attorney's Office filed a second criminal complaint against him for domestic violence. The due process clause requires that before the government deprives a person of life, liberty, or property, it must give the person notice and an opportunity to be heard. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Plaintiff asserts that he was detained in the Clark County Detention Center, and he did not receive notice of the District Attorney's decision to prosecute him on the battery/domestic violence charge while he was incarcerated on the first charge. Plaintiff asserts he received notice of the second charge only when he went to the Public Defender's Office to request discovery. Thus, it appears that Plaintiff received notice of the criminal complaint and the charges against him. Therefore, he received notice and an opportunity to be heard, and no procedural due process violation occurred. The court will recommend that this claim be dismissed.

#### 2. Equal Protection.

The Amended Complaint alleges that Plaintiff was deprived of equal protection of the law in violation of the Fourteenth Amendment. The purpose of the equal protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination. *See Engquist v. Oregon Dept. of Ag.*, 553 U.S. 591, 611 (2008) (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not alleged that he was discriminated against based on his membership in any protected class (either gender, national origin, race, or religion). He also has not asserted that he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim). Furthermore, Plaintiff has not directed this allegation against any particular Defendant, or asserted any facts to explain how his right to equal protection was violated by any Defendant. *Rizzo*, 423 U.S. 362

9

(1976); *Taylor*, 880 F.2d at 1045; *Leer*, 844 F.2d at 634; *May*, 633 F.2d at 167; *Johnson*, 588 F.2d at 743. The court will recommend that Plaintiff's equal protection claim be dismissed.

### E.   Plaintiff's First Amendment and Ninth Amendment Claims.

Plaintiff asserts, in conclusory fashion, that his First and Ninth Amendment rights were violated. However, Plaintiff has not directed these allegation against any particular Defendant, or asserted any facts to explain how his First and Ninth Amendment rights were violated by any Defendant. *Rizzo*, 423 U.S. 362 (1976); *Taylor*, 880 F.2d at 1045; *Leer*, 844 F.2d at 634; *May*, 633 F.2d at 167; *Johnson*, 588 F.2d at 743. Therefore, it will be recommended that Plaintiff's First and Ninth Amendment claims be dismissed.

### F.   Intentional Infliction of Emotional Distress Against Arresting Officers and DA Defendants.

Plaintiff also alleges the tort of intentional infliction of emotional distress ("IIED") against the Arresting Officers and the DA Defendants. These claims arise under state law. Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). This court has supplemental jurisdiction over Plaintiff's state law IIED claim because it arises from the same "nucleus of operative facts"–Plaintiff's arrest and prosecution–as his federal claim for unlawful arrest. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Nevada law recognizes IIED, and in order to state a claim, a plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981). Extreme and outrageous conduct is that "which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Welder v. University of Southern Nevada*, 833 F.Supp.2d 1240, 1245 (D. Nev. 2011) (applying Nevada law).

With respect to the Arresting Officers, Plaintiff alleges that he suffered emotional distress because he was arrested at gunpoint and feared the Arresting Officers would shoot him. With respect to the DA Defendants, Plaintiff asserts they maliciously prosecuted him, but he does not allege how he suffered emotional distress. Plaintiff has not stated an IIED claim against the or the DA Defendants.

He has not alleged any facts to show that any of the DA Defendants or Arresting Officers engaged in extreme and outrageous conduct or that they did so intentionally or with reckless disregard to causing Plaintiff emotional distress. He has not alleged any facts to support his claim that he suffers from severe emotional distress. *See Jordan v. State ex rel. Dept. of Motor Vehicles and Public Safety*, 110 P.3d 30, 52 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670, 672 n.6 (Nev. 2005). Accordingly, it will be recommended that Plaintiff's IIED claims will be dismissed.

Because Plaintiff was given leave to amend his original Complaint, and he has failed to cure the noted deficiencies,

**IT IS ORDERED:**

1. This case will proceed *only* on Plaintiff's Fourth Amendment unlawful detention/arrest claim against Defendants Kartchner, Coates, and Ruiz in their individual capacities as on Plaintiff's Amended Complaint (Dkt. #11).

2. Because (a) the Clerk of Court issued Summons in error; (b) Plaintiff prematurely served the original complaint that was dismissed with leave to amend as to all but the unlawful arrest claim without leave of court; (c) the Defendants responded to the original complaint by filing motions to dismiss; and (d) the Amended Complaint contains the same deficiencies noted in the court's original screening Order, the court will treat the Defendants' Motions to Dismiss as responses to Plaintiff's Amended Complaint.

3. From this point forward, Plaintiff shall serve counsel for Defendants with a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

/ / /

4. Defendants Kartchner, Coates, and Ruiz shall file an answer within **twenty-one days** of the district judge's ruling on this Report of Findings and Recommendation.

5. Plaintiff's Motion to Set Matter for Trial (Dkt. #24) is DENIED AS PREMATURE.

**IT IS RECOMMENDED** that the following claims in Plaintiff's original and Amended Complaint be **DISMISSED**:

(1) Plaintiff's official capacity claims against the Arresting Officers;

(2) Plaintiff's claims against Defendants Goodman and Gillespie;

(3) Plaintiff's claims against Defendant City Council;

(4) Plaintiff's malicious prosecution claim;

(5) Plaintiff's excessive use of force claim;

(6) Plaintiff's Fourteenth Amendment due process claim against the DA Defendants;

(7) Plaintiff's Fourteenth Amendment equal protection claim;

(8) Plaintiff's First Amendment claim;

(9) Plaintiff's Ninth Amendment claim;

(10) Plaintiff's Eighth Amendment claim; and

(11) Plaintiff's intentional infliction of emotional distress claim.

**IT IS FURTHER RECOMMENDED** that:

1. The DA Defendants' Motion to Dismiss (Dkt. #25) be GRANTED for failure to state a claim on which relief may be granted.

2. Defendant Goodman's Motion to Dismiss (Dkt.#18) be GRANTED for failure to state a claim on which relief may be granted.

3. The LVMPD Defendants' Motion to Dismiss (Dkt #20) be GRANTED for failure to state a claim on which relief may be granted except for the individual capacity claim of unlawful detention/arrest against Defendants Kartchner, Coates and Ruiz.

Dated this 10th day of May, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.