UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BOBBY LEE MONTGOMERY,<br><br>                              Plaintiff,<br>       v.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT, et al.,<br><br>                              Defendants. | Case No. 2:11-cv-02079-MMD-PAL<br><br>ORDER |

Before the Court are Plaintiff's Motion for District Judge to Reconsider Order on Motion ("Motion to Reconsider") (dkt. no. 47) and Motion to Strike Defenses under Federal Rule of Civil Procedure 12(f) ("Motion to Strike") (dkt. no. 48).

On June 20, 2013, the Court entered an order adopting Magistrate Judge Peggy A. Leen's Report and Recommendation ("R&R"), which recommended dismissal of the Complaint's claims, except the individual capacity claims of unlawful detention and arrest asserted in the Amended Complaint against Defendants Kartchner, Coates, and Ruiz. (Dkt. no. 36.) Plaintiff moved for reconsideration of the Court's June 20, 2013, order under Fed. R. Civ. P. 60(b) and the Court denied the motion. (Dkt. no. 46.) Plaintiff now moves for reconsideration of the June 20, 2013, order again. He does so pursuant to his right to a jury trial under Fed. R. Civ. P. 38(a). (Dkt. no. 47.) The Court again declines to reconsider its June 20, 2013, order.

Rule 38 does not provide an avenue for reconsideration of a court's order. It preserves the right to a jury trial and sets forth procedures under which a party may

demand a jury trial. Motions for reconsideration may be brought under Fed. R. Civ. P. 59(e) or Rule 60(b).[1]

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

As with Rule 60(b), Rule 59(e) may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) (citation omitted). A Rule 59(e) motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

---

[1] The Court previously analyzed Plaintiff's motion for reconsideration under Rule 60(b) and denied the motion. (Dkt. no. 46.)

1    The Motion to Reconsider does not set forth any newly discovered evidence or

2    demonstrate any change in the controlling law.  Further, Plaintiff fails to support a finding

3    of clear error. The Motion to Reconsider primarily restates the facts of the case and

4    rehashes Plaintiff's previous arguments in support of his claims. Plaintiff argues that the

5    Court erred in dismissing his claims because his related criminal proceedings were

6    dismissed. (Dkt. no. 47 at 7.) This fact does not affect the R&R's analysis, which the

7    Court adopted. The deficiencies identified by the R&R did not depend in any way on the

8    merit, or lack thereof, of the related criminal proceeding.

9        Plaintiff argues that the Court committed error because it should have done more

10    to identify the relevant policy makers and policy statements, ordinances, regulations or

11    decisions that could lead to municipal liability. (*Id.* at 17.) Plaintiff argues that his claims

12    should be presented to a jury for evaluation. The Court may dismiss a plaintiff's

13    complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

14    12(b)(6).  A complaint must contain either direct or inferential allegations concerning "all

15    the material elements necessary to sustain recovery under some viable legal theory."

16    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (*quoting Car Carriers, Inc. v. Ford*

17    *Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).  Allegations in

18    *pro se* complaints are held to less stringent standards than formal pleadings drafted by

19    lawyers and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). A

20    plaintiff's complaint must, however, state "enough facts to state a claim to relief that is

21    plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's claims were dismissed

22    because he did not meet his initial burden of alleging enough facts to support all of the

23    required elements for the dismissed claims. The Court cannot fill in the necessary factual

24    allegations, and the jury cannot evaluate Plaintiff's dismissed claims where he has not

25    met this minimum pleading standard.

26        The Motion for Reconsideration is denied because, even examining it under the

27    Rule 60(b) and Rule 59(e) standards, Plaintiff fails to raise any new arguments or

28    evidence that would warrant reconsideration of the June 20, 2013, order.

The Motion to Strike is also denied. Rule 12(f) allows a party to move to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . within 21 days after being served with the pleading." The Defendants filed their Answer on June 24, 2013. (Dkt. no. 37.) The Motion to Strike was filed six (6) months later on December 26, 2013. (Dkt. no. 48.) The Court may thus deny the Motion to Strike on timeliness grounds. Even if the Court does accept the Motion to Strike as timely, however, the Motion must still be denied on its merits. A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Motion to Strike is captioned "Striking Affirmative Defense" but it does not identify the affirmative defense or affirmative defenses that Plaintiff wants stricken. The Motion to Strike merely restates some of Plaintiff's arguments from the Amended Complaint and points out that the related criminal proceedings were dismissed. Upon review of the Motion to Strike and Defendants' Answer, the Court cannot conclude that any affirmative defenses should be stricken.

It is therefore ordered that Plaintiff's Motion for District Judge to Reconsider Order on Motion (dkt. no. 47) and Motion to Strike Defenses under Federal Rule of Civil Procedure 12(f) (dkt. no. 48) are denied.

ENTERED THIS 16th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4