1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

BOBBY LEE MONTGOMERY

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al

Defendants.

Case No. 2:11-cv-02079-RFB-PAL

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(ECF No. 62)**

12
13
14
15
16
17

### I. INTRODUCTION

Presently before the court is Defendants' motion for summary judgment.  ECF No. 62.
Montgomery alleges unlawful arrest/detention in violation of the Fourth Amendment under 42
USC § 1983.  Because the court finds that the officers had probable cause to arrest Montgomery
based on the information then known to them and that no reasonable jury could conclude
otherwise, the court grants Defendants' motion and enters judgment for Defendants and against
Montgomery.

18
19
20
21
22
23
24
25
26
27
28

### II. FACTUAL FINDINGS

The Court finds the following facts to be uncontested.  On January 5, 2010, Las Vegas
Metropolitan Police Department ("LVMPD") officers responded to a domestic violence call placed
by Sue Sharabi against her then-boyfriend, plaintiff Bobby Montgomery.  ECF 62 Ex. 4.  Sharabi
told the officers that only a few hours earlier, she had visited Montgomery at his apartment and an
argument had ensued.  Id.  Sharabi told the officers that Montgomery "grabbed her by the pants,
pulled her in close, and slammed her against the wall using both hands on her left and right
shoulder."  Id.  Sharabi further reported that "Montgomery kept her pinned to the wall in the
kitchen area of his apartment, then used his right hand to strangle her."  The officers observed red
marks on Sharabi's neck consistent with strangulation and took photographs to document her
injuries.  Id.  Sharabi also gave a written statement consistent with what she had verbally relayed
to the officers.  Based on the statements made by Sharabi and the officers' observations, the

1   officers went to Montgomery's apartment complex located at the address Sharabi had provided.

2   Id.  The officers stopped Montgomery as he was walking through the parking lot of the complex

3   and placed him under arrest.  Montgomery was charged with battery/domestic violence and

4   strangulation.  Eventually, the criminal charges against Montgomery were dismissed.

5   Montgomery filed suit, alleging numerous civil rights violations against multiple

6   defendants.  This court's May 14, 2013, order dismissed all claims except Montgomery's Fourth

7   Amendment unlawful arrest/detention claim against Officers Ruiz, Coates, and Kartchner in their

    individual capacities.  ECF No. 33.

8   **III. LEGAL STANDARD**

9       **a.** *Summary Judgment*

10  Summary judgment is appropriate when the pleadings, depositions, answers to

11  interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

12  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

13  Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering

14  the propriety of summary judgment, the court views all facts and draws all inferences in the light

15  most favorable to the nonmoving party.  Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960

16  (9th Cir. 2011).  If the movant has carried its burden, the non-moving party "must do more than

17  simply show that there is some metaphysical doubt as to the material facts . . . . Where the record

18  taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

19  genuine issue for trial."  Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal

    quotation marks omitted).

20      **b.** *Unlawful Arrest under 42 USC § 1983.*

21  An arrest made without probable cause may give rise to a claim for damages under Section

22  1983.  Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir. 1988).  Probable cause to arrest exists

23  when "under the totality of the circumstances known to the arresting officers, a prudent person

24  would have concluded that there was a fair probability that [the suspect] had committed a crime."

25  United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986) (internal citations omitted).  If an officer

26  makes an arrest without probable cause, the officer may nonetheless be entitled to qualified

27  immunity, if he reasonably believed there to have been probable cause.  Ramirez v. City of Buena

28  Park, 560 F.3d 1012, 1024 (9th Cir. 2009).  "The qualified immunity inquiry . . . is an objective

    one, focusing on whether a reasonable officer could have believed that probable cause existed to

1   arrest the plaintiff." Mendocino Envtl. Ctr. v. Mendocino County, 14 F.3d 457, 462 (9th Cir. 1994)

2   (internal citations and quotations omitted).  The objective analysis is focused on a reasonable

3   officer confronted with the facts and circumstances actually known to the arresting officer. Id.

4   **IV. DISCUSSION**

5          A reasonable officer confronted with the facts known to Officers Ruiz, Coates, and

    Kartchner would have determined that probable cause existed for the arrest.  Under Nevada law, a

6   person commits domestic violence if he commits a battery or assault against someone with whom

7   he has had or is having a dating relationship.  NRS 33.018(1)(a) and (2).  A person also commits

8   domestic violence if he falsely imprisons that person.  NRS 33.018(1)(f).

9          When the officers arrested Montgomery, they had the following information: (1) Sharabi's

10  statement identifying Montgomery as her boyfriend of two months; (2) Sharabi's statement that

11  Montgomery strangled her and physically prevented her from leaving his apartment; and (3) the

12  officers' observations of red marks consistent with strangulation on Sharabi's neck.  ECF 62 Ex.

13  4.  The officers also found Montgomery at the address provided by Sharabi, which further

    corroborated her statements.  A reasonable officer confronted with these facts would have

14  concluded that there was a fair probability that Montgomery had committed domestic violence;

15  therefore, Montgomery has not shown a Fourth Amendment violation for unlawful arrest.  Because

16  no reasonable jury could find that the officers did not have probable cause to arrest Montgomery

17  on these facts, defendants' motion for summary judgment is granted.

18         Montgomery has contended throughout this litigation that the statements made by Sharabi

19  to the officers were false.  See ECF 65.  As explained above, the relevant inquiry focuses on the

20  facts and circumstances known to the officers at the time of the arrest.  Even if the statements made

21  by Sharabi were later discovered to be false or unreliable, this does not undermine the officers'

22  reasonable determination that probable cause existed at the time of the arrest.  Indeed, "a peace

23  officer who arrests someone with probable cause is not liable for false arrest simply because the

    innocence of the suspect is later proved."  Anderson v. Creighton, 483 U.S. 635, 663-64 (1987)

24  (internal citation omitted).  Further, even if the court determined that probable cause did not exist

25  based on the information known to the officers, the officers would be entitled to qualified immunity

26  because their belief that probable cause existed was, on these facts, reasonable and not contrary to

27  any clearly established law.

28  . . .

1

**IV. CONCLUSION**

2

     **IT IS THEREFORE ORDERED** that Defendants, Officer Ruiz, Officer Coates, and

3

Officer Kartchner's motion for summary judgment (ECF No. 62) is **GRANTED**.

4

     The clerk of court is instructed to enter judgment for Defendants and against Plaintiff and

5

close this case.

6

     DATED this 30th day of March, 2015.

7

8

                             _____

                             **RICHARD F. BOULWARE, II**

9

                             **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28